Filed 4/5/21  P. v. Belfield CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>TONY BELFIELD,<br><br>　　　Defendant and Appellant. | A161034<br><br>(Contra Costa County Super. Ct. No. 51505346) |

Tony Belfield appeals the denial of his petition for resentencing under Penal Code section 1170.95 and Senate Bill 1437 (Stats. 2018, ch. 1015, §4 (SB 1437)).  His court-appointed counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal.  We have reviewed the record and conclude there are no issues requiring further review.  We affirm.

On November 27, 2019, Belfield filed a petition for resentencing under SB 1437 and Penal Code section 1170.95, seeking to set aside his conviction for second degree murder.  On the form petition, he alleged by checking the box for paragraph 2(a) that "[a]t trial I was convicted of 1st or 2nd degree

1

murder pursuant to the felony murder rule or the natural and probable consequences doctrine."

Paragraph 5 of the form petition provides several boxes for the petitioner to allege, if applicable, that he or she was convicted of first degree felony murder and could no longer be convicted because of the changes to Penal Code section 189 effective 2019 because (1) the petitioner was not the actual killer; (2) the petitioner did not act with intent to kill; (3) the petitioner was not a major participant or did not act with reckless indifference to human life; and (4) the victim was not, or the petitioner did not know the victim to be, a peace officer in the performance of his or her duties. Belfield did not check any of those boxes.

Paragraph 6 of the form petition allows a petitioner to allege he or she was convicted of second degree murder under the natural and probable consequences doctrine or the second degree felony murder doctrine and could not now be convicted of murder because of the 2019 changes to Penal Code section 188. Belfield left that box unchecked as well.

In opposition to the petition, the prosecutor argued Belfield was ineligible for relief under SB 1437 because he was the actual killer and acted with express or implied malice. The prosecutor asked the court to take judicial notice of Belfield's record of conviction.

Belfield responded that his petition established a prima facie case for relief entitling him to an evidentiary hearing. He objected to the prosecutor's request for judicial notice of and references to the underlying record, arguing it could not be considered in assessing whether he made a prima facie showing of eligibility for relief.

2

The court took judicial notice of the record of conviction and our two unpublished opinions in his case.[1]  It found the petition was facially deficient; that Belfield failed as a matter of law to show he was convicted of felony murder or murder under a natural and probable consequences theory; and that, as the actual killer, he failed to make a prima facie showing he could no longer be convicted of first or second degree murder due to the changes to sections 188 and 189.  The court therefore denied the petition.

## DISCUSSION

Belfield's counsel has represented that he advised Belfield of his right to file a *Wende* brief and to submit supplemental written argument on his own behalf.  Belfield has also been advised of his right to request that counsel be relieved.  He has not done so.  Our review of the record reveals no issue that warrants further briefing.

## DISPOSITION

The order of the trial court is affirmed.

---

[1] In *People v. Belfield* (Nov. 29, 2018, A149964) [non-pub. opinion], we affirmed his conviction for second degree murder. In *People v. Belfield*  (June 19, 2020, A158180) [non-pub. opinion], we remanded for resentencing pursuant to amendments to Penal Code section 667, subdivision (a).

_____

Wiseman, J.*

WE CONCUR:


_____

Petrou, Acting P.J.


_____

Jackson, J.

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.